# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JESUS NAVARRO-MONTES (01), <br><br> Defendant. | CASE NO. 09cr577-MMA-1 <br><br> **ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CO-DEFENDANT'S STATEMENTS** <br><br> [Doc. No. 152] |

This matter is before the Court on the *in limine* motion of Defendant Jesus Navarro-Montes ("Navarro") for an order excluding statements made by his co-defendant Jorge Montes-Leyva ("Montes") on June 23, 2010 to a wired jailhouse informant. During that conversation, Montes admitted to the jailhouse informant that he had been involved in the events surrounding the death of a federal agent. Montes' statements also implicated Navarro in the events. Navarro anticipates that the government will offer the live testimony of the jailhouse informant at trial, in lieu of testimony from Montes. Navarro asserts that statements made by Montes to the informant must be considered testimonial in nature, and therefore introduction of the informant's testimony would violate his rights under the Confrontation Clause of the Sixth Amendment. He also argues that any such testimony is inadmissible hearsay. The government opposes the motion. For the following reasons, the Court **DENIES** the motion.

///

**DISCUSSION**

*1.   Confrontation Clause*

The Confrontation Clause of the Sixth Amendment provides that in criminal cases the accused has the right to "be confronted with witnesses against him." U.S. Const. amend. VI. Apart from the rules of evidence, the Confrontation Clause bars the admission of "testimonial" statements made by persons who are not subject to cross examination regardless of whether a hearsay exception would otherwise allow the admission of the statements. *Crawford v. Washington*, 541 U.S. 36 (2004). "Testimony . . . is typically a solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Id.* at 51 (citations and quotation marks omitted); *see id.* ("An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not."). Although the Supreme Court did not precisely define the term "testimonial" in deciding *Crawford*, it did bar the introduction of out-of-court statements which are testimonial in nature, unless "the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Id.* at 59.

Here, Navarro argues that Montes' statements were the result of a de facto interrogation by a jailhouse informant, who had received instructions from government agents, was fitted with a wire, and spent more than three hours talking to Montes about his involvement in the underlying events of this case. Navarro claims that the government subjected Montes to a "shock and awe presentation," complete with graphic photos of the deceased federal agent, immediately prior to placing Montes in a cell with the informant. Navarro urges the Court to conclude that the presentation played on Montes' emotions, making him vulnerable to questions from a well-prepared informant, and rendering his statements testimonial in nature.

Montes' argument is without merit. First, an informant's level of preparedness prior to questioning or otherwise interacting with an intended target is not the relevant inquiry, as noted by the Supreme Court in its most recent ruling regarding the Confrontation Clause. *Michigan v. Bryant*, 131 S.Ct. 1143, 1161, fn.11 (2011) ( "[i]t is the [declarant's] statements, and not the [interrogator's] questions, that must be evaluated under the Sixth Amendment"). Second, Montes did not realize that his temporary cell mate was acting as an informant and later would relay his

statements to law enforcement. Nor did Montes speak to the informant with any reasonable belief that his statements would be preserved for later use at a trial, as he had no knowledge that the government was secretly recording the conversation. *See, e.g., United States v. Summers*, 414 F.3d 1287, 1302 (10th Cir.2005) (proper focus is on whether declarant would believe statement would later be used as evidence). Courts have held repeatedly that a statement unwittingly made to a confidential informant and recorded by the government is not "testimonial" for Confrontation Clause purposes. *United States v. Tolliver*, 454 F.3d 660, 665 (7th Cir.2006); *United States v. Underwood*, 446 F.3d 1340, 1347-48 (11th Cir.2006); *United States v. Hendricks*, 395 F.3d 173, 182-84 (3d Cir.2005); *United States v. Saget*, 377 F.3d 223, 229-30 (2d Cir.2004).

Furthermore, even assuming that statements made to someone other than law enforcement personnel can be testimonial, *see Davis*, 547 U.S. at 823 n. 2 (leaving the question open), Montes' statements during his conversation with the informant never came close to being a "solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Crawford*, 541 U.S. at 51 (quoting N. Webster, An American Dictionary of the English Language (1828)), but rather seemed like remarks "to a casual acquaintance." *Crawford*, 541 U.S. at 68. The transcript shows that the conversation between the two men was casual and informal, and included tangential discussions regarding subjects such as the World Cup soccer tournament. As such, Montes' secretly recorded statements were not "testimonial" within the meaning of *Crawford* and are not subject to exclusion under the Confrontation Clause. *See Davis v. Washington*, 547 U.S. at 825 (giving as examples of statements that "were clearly non-testimonial," "statements made unwittingly to a Government informant," and "statements from one prisoner to another"); *United States v. Dale*, 614 F.3d 942, 956 (8th Cir.2010) (co-defendant's unwittingly recorded statements to fellow prisoner held not testimonial); *Saechao v. Oregon*, 249 Fed. App'x 678, 679 (9th Cir.2007) (tape recorded statement by co-defendant during jailhouse telephone call to a friend held not testimonial).

2. *Hearsay*

With respect to Navarro's argument that the statements are inadmissible hearsay, Montes' statements are admissible as statements against penal interest under Federal Rule of Evidence 804(b)(3). For a statement against interest to be admissible under 804(b)(3), the proponent must

show that: (1) the declarant is unavailable as a witness; (2) at the time the statement was made, it was "so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability . . . that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." Fed. R. Evid. 804(b)(3). "Whether a statement is in fact against interest must be determined from the circumstances of each case." *Williamson v. United States*, 512 U.S. 594, 604 (1994).

The first requirement will be met only if Montes refuses to testify at trial. *See* Fed. R. Evid. 804(a)(2). As for the second requirement, the statement need only "tend to" subject the declarant to liability, as the Ninth Circuit requires a broad reading of Rule 804(b)(3). *United States v. Paguio*, 114 F.3d 928, 933 (9th Cir. 1997) ("The word 'tending' broadens the phrase, so that the statement need not be a plain confession making the difference between guilty and not guilty.") (citing *United States v. Slaughter*, 891 F.2d 691, 698 (9th Cir. 1989)). Based on the premise that a reasonable person would not falsely subject himself to criminal liability, Rule 804(b)(3) also requires that the statements "in a real and tangible way[] subject the declarant to criminal liability. A showing that the statements solidly inculpate the declarant is required." *United States v. Monaco*, 735 F.2d 1173, 1176 (9th Cir. 1984) (internal citations omitted). Here, Montes admitted to being involved in the events giving rise to the criminal charges in this case. Thus, the second requirement under Rule 804(b)(3) is met. Accordingly, Montes' statements are not subject to exclusion under the rules of evidence.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion in limine.

**IT IS SO ORDERED**.

DATED: March 16, 2011

Hon. Michael M. Anello
United States District Judge